**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

NIGEL FREDERICKS,

                Plaintiff,

   v.                                            9:17-CV-15
                                                      (DNH/DJS)

B. BORDEN and R. OLIVEIRA,

                Defendants.

---

**APPEARANCES:**                         **OF COUNSEL:**

NIGEL FREDERICKS
Plaintiff, *Pro Se*
The Boulevard Men's Residence
2027 Lexington Avenue
New York, New York 10035

HON. LETITIA JAMES                    HELENA O. PEDERSON, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      Plaintiff, formerly an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this *pro se* action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights. Dkt. No. 38, Sec. Am. Compl. Presently pending is Defendants' Motion for Summary

Judgment seeking dismissal of Plaintiff's claims. Dkt. No. 47. Defendants have also submitted medical records in support of their Motion. Dkt. No. 48. Despite numerous extensions of time granted *sua sponte* by the Court, Plaintiff has not filed any opposition to the Motion. *See* Dkt. Nos. 52, 56, & 66. For the reasons which follow, the Court recommends that the Motion for Summary Judgment be granted in part and denied in part.

## I. BACKGROUND

The Second Amended Complaint raises two distinct claims. First, it alleges that Defendant Borden used excessive force against Plaintiff in violation of the Eighth Amendment. Sec. Am. Compl. at pp. 4-5 & 9.[1] Second, Plaintiff asserts a medical indifference claim, also under the Eighth Amendment against Defendant Oliveira. *Id.* at pp. 10-11.

The alleged assault occurred on July 13, 2015 when Plaintiff was being transferred out of the Special Housing Unit ("SHU") at Franklin Correctional Facility. Sec. Am. Compl. at pp. 4-5. Plaintiff alleges that Officer Borden came to move Plaintiff from SHU to H-2 housing unit. *Id.* at p. 4. Plaintiff claims that he tried to explain to Borden that he was supposed to be in protective custody and would be in danger if returned to general population, but that Borden ignored him. *Id.* Plaintiff claims that Borden stated, in sum and substance, that he did not care what happened to Plaintiff and

---

[1] The Second Amended Complaint contains several paragraphs bearing the same number and for ease of reference citation to it shall be made by reference to the page numbers generated by the Court's CM/ECF system.

then punched and beat Plaintiff and shoved him into a door. *Id.* at pp. 4-5; Dkt. No. 47-4, Plaintiff's Deposition ("Pl.'s Dep.") at pp. 28-29. Borden denies these allegations and maintains that he was not working on July 13th. Dkt No. 47-9, Declaration of Barry Borden ("Borden Decl."), ¶¶ 7-10.

Plaintiff also maintains that Dr. Oliveira, a dentist working at Franklin Correctional Facility, was deliberately indifferent to his medical needs based on his alleged failure to properly treat an abscessed tooth. Sec. Am. Compl. at pp. 10-11. Plaintiff alleges that he was seen by Defendant twice, but that he refused to provide proper treatment for his tooth. Dkt. No. 47-8, Plaintiff's Supplemental Deposition ("Pl.'s Supp. Dep.") at p. 20. Plaintiff does admit that both times he saw the Defendant, the Defendant listened to Plaintiff's complaints, examined his mouth, and took x-rays. *Id.* at pp. 35-36. Defendant Oliveira denies Plaintiff's allegation of indifference. He contends that on both occasions when he examined Plaintiff he performed proper examinations, evaluated Plaintiff's medical condition, prescribed appropriate medications, and began the process for necessary follow-up care. Dkt. No. 47-10, Declaration of Rogerio Oliveira ("Oliveira Decl."), ¶¶ 10-23.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through

3

"pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin,* 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully

limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).  Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995).  Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In this case Plaintiff failed to respond to Defendants' Motion. This failure "does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). "Rather, a court must (1) determine what material facts, if any, are disputed in the record presented on the defendants' motion, and (2) assure itself that, based on the undisputed material facts in the record, the law indeed warrants judgment for the defendant[ ]." *Ogalo v. NYS Thruway Auth.*, 972 F.Supp.2d 301, 305 (N.D.N.Y. 2013) (internal quotations and citations omitted).

### III. DISCUSSION

### A. Plaintiff's Claims Against Defendant Borden

Plaintiff alleges that Defendant Borden assaulted him on July 13, 2015. Sec. Am. Compl. at pp. 4-5 & 9. Defendant seeks summary judgment on the ground that he could not have been involved in any alleged deprivation of Plaintiff's rights on that date because he was not working at Franklin that day. Defs.' Mem. of Law at pp. 6-7. In support of that position Defendant offers a Declaration stating that he had a regularly scheduled day off on July 13, 2015 and thus was not working at Franklin Correctional Facility the day of the alleged assault. Borden Decl. at ¶ 7 & Ex. 1. Standing alone, that Declaration, which is not disputed on the Motion, might well be sufficient to establish Defendant's lack of personal involvement. *See Quick v. Quinn*, 2014 WL 4627106, at *3 (N.D.N.Y. Sept. 11, 2014). The record, taken as a whole, however, demonstrates that questions of fact exist which preclude granting summary judgment.

During Plaintiff's deposition when asked if he was sure it was Officer Borden who assaulted him Plaintiff, despite some initial hesitation regarding the name, testified "I'm quite sure it's him." Pl.'s Dep. at p. 61. Contemporaneous investigation of Plaintiff's grievance regarding the assault also suggests that a factual question exists as to whether Officer Borden was present at Franklin on the day in question. Plaintiff's grievance does not specifically identify Borden as the person that assaulted Plaintiff. Pederson Decl., Ex. C at pp. 7-12 (grievance) & 16 (Memo from Sgt. Compo). Despite

that omission, supervisory staff investigating the grievance spoke to Officer Borden about the allegations. *Id.* at p 16. Borden provided a written statement which denied the substantive allegations in the grievance, but did not state that he was not working on the day in question. *Id.* at pp. 18-19. Sergeant Compo's memorandum regarding the grievance specifically states that Officer Borden "did provide me with a statement *that he did work on that date* in SHU." *Id.* at p. 16 (emphasis added).

Plaintiff's deposition testimony and the grievance records raise a factual question regarding whether Officer Borden was present on the day of the alleged assault and I, therefore, recommend that Borden's Motion for Summary Judgment be denied.

### B. Plaintiff's Claims Against Defendant Oliveira

*1. Plaintiff's Failure to Exhaust his Administrative Remedies*

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Id.* at 524; *Ross v. Blake*, 136 S.

7

Ct. 1850, 1856 (2016) (stating that the mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). Furthermore, § 1997e(a) requires "proper exhaustion," which means using all steps of the administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). The defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. *Howard v. Goord*, 1999 WL 1288679, at *3 (E.D.N.Y. Dec. 28, 1999).

In New York, the administrative remedies consist of a three-step Inmate Grievance Program ("IGP"). First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). An inmate must submit a grievance "within 21 calendar days of the alleged occurrence." *Id.* at § 701.5(a). An inmate may request an extension of the time limit within forty-five days of the date of the alleged occurrence. *Id.* at § 701.6(g). The IGRC reviews and investigates the formal complaint and then issues a written determination. *Id.* at § 701.5(b). Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRC's determination and issues a decision. *Id.* at § 701.5(c). Finally, upon appeal of the superintendent's decision, the Central Office Review Committee ("CORC") makes the final administrative determination. *Id.* at § 701.5(d). Only upon exhaustion of all three

levels of review may a prisoner seek relief in federal court. *Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing, *inter alia*, *Porter v. Nussle*, 534 U.S. at 524); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

Here Defendants have offered evidence that Plaintiff filed no grievance regarding his dental care issues with Dr. Oliveira. Dkt. No. 47-11, Declaration of Rachael Seguin, ¶¶ 12-16 & Ex. 1. Plaintiff admits that he did not file any grievance regarding Dr. Oliveira's alleged indifference to his dental needs. Pl.'s Supp. Dep. at pp. 32-33. The failure to file a grievance constitutes a failure to exhaust under the PLRA. *Powell v. Schriro*, 2015 WL 7017516, at *7 (S.D.N.Y. Nov. 12, 2015) (information from corrections officials and plaintiff's admitted failure to file grievance establish lack of exhaustion); *Colon v. Furlani*, 2008 WL 5000521, at *2 (W.D.N.Y. Nov. 19, 2008) (citing cases) ("An inmate's failure to file a grievance about a particular matter generally constitutes a failure to exhaust as to that matter.").

In light of Plaintiff's admitted failure to exhaust his administrative remedies, the Court recommends that the Motion be granted as to Plaintiff's dental claims.[2]

---

[2] There is no indication that Plaintiff's failure to exhaust would be excusable. He testified that the only reason he did not file a grievance was because he believed he was still going to be treated in the future. Pl.'s Supp. Dep. at pp. 32-33. He also fully utilized the grievance process to grieve the alleged assault by Defendant Borden. Absent any claim that the grievance process was unavailable to Plaintiff regarding his dental claim, and Plaintiff makes none, his failure to exhaust cannot be excused. *Ross v. Blake*, 136 S. Ct. 1850, 1854-55 (2016).

### *2. Merits of Plaintiff's Eighth Amendment Claim*

In the alternative, Defendant also seeks summary judgment on the merits of Plaintiff's Eighth Amendment claim. Defs.' Mem. of Law at pp. 9-16. For the reasons that follow, summary judgment is also appropriate on this ground.

To state an Eighth Amendment claim for denial of adequate medical care, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "[T]he plaintiff must allege conduct that is 'repugnant to the conscience of mankind' or 'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y. 1992) (quoting *Estelle v. Gamble*, 429 U.S. at 102, 105-06). To state a claim for denial of medical care, a prisoner must demonstrate (1) a serious medical condition and (2) deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994); *Hathaway v. Coughlin* ("*Hathaway I*"), 37 F.3d 63, 66 (2d Cir. 1994).

### *a. Serious Medical Need*

The first prong is an objective standard and considers whether the medical condition is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The Second Circuit has stated that a medical need is serious if it presents "a condition of urgency that may result in degeneration or extreme pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal

quotation marks and citation omitted). Among the relevant factors to consider are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Defendants contend that Plaintiff cannot satisfy the objective prong of the Eighth Amendment standard because he has offered only subjective claims of pain which are unsupported by objective evidence. Defs.' Mem. of Law at p. 12. Plaintiff alleges that he suffered from an "extremely painful" abscess that made it hard for him to eat or sleep and that the pain medication prescribed did not alleviate the pain. Sec. Am. Compl. at pp. 5 & 10. Viewing the record in the light most favorable to Plaintiff, *see Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 124 (2d Cir. 2013), the Court finds these allegations sufficient to establish that Plaintiff's abscessed tooth may have been a serious medical need. *See, e.g.*, *Chance v. Armstrong*, 143 F.3d at 702 (abscessed tooth is serious medical need): *Mattison v. Johnson*, 2019 WL 1493188, at *3 (N.D.N.Y. Apr. 3, 2019) (citing cases finding variety of dental issues sufficiently serious for Eighth Amendment purposes); *Brown v. Mewar*, 2011 WL 573566, at *15 (W.D.N.Y. Feb. 14, 2011), *report and recommendation adopted*, 2011 WL 891403 (W.D.N.Y. Mar. 9, 2011) (abscessed tooth is objectively serious medical condition).

### *b. Deliberate Indifference*

The second prong of the Eighth Amendment analysis is a subjective standard requiring a plaintiff to demonstrate that the defendant acted with the requisite culpable mental state similar to that of criminal recklessness. *Wilson v. Seiter*, 501 U.S. at 301-03; *Hathaway I*, 37 F.3d at 66. A plaintiff must demonstrate that the defendant acted with reckless disregard to a known substantial risk of harm. *Farmer v. Brennan*, 511 U.S. at 836. In order to rise to the level of deliberate indifference, the defendant must have known of and disregarded an excessive risk to the inmate's health or safety. *Wright v. Genovese*, 694 F. Supp. 2d 137, 154 (N.D.N.Y. 2010) (citing *Chance v. Armstrong*, 143 F.3d at 702). The defendant must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must draw that inference. *Chance v. Armstrong*, 143 F.3d at 702 (quoting *Farmer v. Brennan*, 511 U.S. at 837).

The record in this case fails to establish any basis for finding that Dr. Oliveira was deliberately indifferent to Plaintiff's medical needs. The record demonstrates that Plaintiff was seen by Dr. Oliveira only twice for concerns regarding his abscessed tooth and that on both occasions medical treatment was provided. Based on the record before it the Court recommends that the Motion for Summary Judgment be granted.

Dr. Oliveira first diagnosed Plaintiff's abscessed tooth on May 14, 2015 when Plaintiff was seen at Clinton Correctional Facility. Oliveira Decl. at ¶ 11.[3] On that occasion, Dr. Oliveira prescribed Plaintiff Motrin for pain relief to be taken as needed and prescribed Plaintiff a week-long course of an antibiotic. *Id.* Defendant also directed that Plaintiff be placed on a list to have the infected tooth extracted. *Id.* Dr. Oliveira worked at Clinton Correctional Facility only once a month and did not have control over the scheduling of extraction procedures at that facility. *Id.* at ¶ 23.

Dr. Oliveira next saw Plaintiff on July 14, 2015. Oliveira Decl. at ¶ 12. This visit was at Franklin Correctional Facility. *Id.* Defendant observed that Plaintiff's tooth had not been extracted and again recommended extraction. *Id.* Dr. Oliveira again prescribed pain medication and an antibiotic for Plaintiff. *Id.* A week later, however, Plaintiff was transferred from Franklin to Great Meadow Correctional Facility. Pl.'s Supp. Dep. at p. 37. Plaintiff was subsequently transferred to Mid-State Correctional Facility, *id.*, where the abscessed tooth was extracted on August 31, 2015. Dkt. No. 48 at p. 113.

Plaintiff concedes that during both visits with the Defendant, Dr. Oliveira listened to his complaints, examined his mouth, and took x-rays. Pl.'s Supp. Dep. at pp. 35-36.

---

[3] Plaintiff's Second Amended Complaint makes no allegation of indifference regarding Defendant's treatment of Plaintiff at Clinton, limiting his allegations only to events occurring at Franklin Correctional Facility. Plaintiff's full course of treatment by Dr. Oliveira is nonetheless discussed here to provide the complete context of that treatment.

Dr. Oliveira's Declaration discusses the procedure for extracting a tooth and states that he did not immediately extract Plaintiff's tooth on either of the days he saw Plaintiff because on both occasions the tooth was causing Plaintiff pain and was infected. Oliveira Decl. at ¶ 21. Dr. Oliveira stated that it was his medical judgment that a tooth should not be extracted under such circumstances because the extraction could cause the infection to spread and because it was more difficult to effectively anesthetize the area which could then cause pain during the procedure. *Id.* at ¶¶ 20-21.

Dr. Oliveira also noted that he had no control over when an extraction could take place at Clinton Correctional Facility and that while he did exercise such control at Franklin, Plaintiff was transferred from that facility within a week of when he saw Plaintiff in July 2015. Oliveira Decl. at ¶ 23.

Plaintiff alleges that Dr. Oliveira was indifferent to his medical needs because he did not prescribe different medication to treat his pain and in not more quickly extracting the abscessed tooth. Sec. Am. Compl. at pp. 10-11. "A mere disagreement with a prescribed course of treatment is not sufficient to establish a violation of the Eighth or Fourteenth Amendment." *Revels v. Corr. Med. Care, Inc.*, 2018 WL 1578157, at *4 (citing *Moolenaar v. Champagne*, 2006 WL 2795339, *6 (N.D.N.Y. Sept. 26, 2006); *see also Lombardo v. Freebern*, 2018 WL 1627274, at *19 (S.D.N.Y. Mar. 30, 2018) (same). While Plaintiff did not receive his desired treatment, "it is well-settled that the ultimate decision of whether or not to administer a treatment or medication is a medical

14

judgment that, without more, does not amount to deliberate indifference." *Washington v. Westchester Cty. Dep't of Corr.*, 2014 WL 1778410, at *6 (S.D.N.Y. Apr. 25, 2014).

Apart from this, Plaintiff also fails to offer any evidence that Dr. Oliveira disregarded Plaintiff's serious medical needs. On the contrary, the record establishes that on Plaintiff's two visits with Dr. Oliveira, Plaintiff was evaluated, prescribed medication to treat his infection and address his pain, and was recommended for follow-up treatment. Oliveira Decl. at ¶¶ 11-12. These actions belie any claim of deliberate indifference. *Williamson v. Goord*, 2006 WL 1977438, at *21 (N.D.N.Y. July 11, 2006). The record also establishes that in Dr. Oliveira's professional judgment immediate extraction of Plaintiff's tooth was not indicated on either occasion Plaintiff was seen by Defendant. *Id.* at ¶ 21. As noted above, any disagreement with Dr. Oliveira regarding this judgment is not a basis for finding an Eighth Amendment violation. *Chance v. Armstrong*, 143 F.3d at 703-04; *Robinson v. Taylor*, 2019 WL 1429529, at *5 (N.D.N.Y. Mar. 29, 2019) (citing cases). The record finally establishes that under the particular circumstances, including Defendant's limited role at Clinton Correctional Facility and Plaintiff's subsequent transfer out of Franklin Correctional Facility, any delay in the directed follow-up treatment was not the result of any deliberate indifference on the part of Defendant.

For all these reasons, the Court recommends that the Motion for Summary Judgment be granted as to Defendant Oliveira.

## IV.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 47) be **DENIED** as to claims against Defendant Borden and **GRANTED** as to claims against Defendant Oliveira; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  August 6, 2019
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge