UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NIGEL FREDERICKS,

                              Plaintiff,                    9:17-cv-00015 (BKS/DJS)

v.

B. BORDEN,

                              Defendant.
_____

**Appearances:**
*For Plaintiff:*
Erik T. Koons
Baker Botts L.L.P.
700 K St. NW
Washington, DC 20001

Angela L. Brown
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, NY 10010

William C. Lavery
Dorothea R. Allocca
Clifford Chance US L.L.P.
2001 K Street NW
Washington, DC 20006

*For Defendant:*
Letitia James
New York State Attorney General
Ryan W. Hickey
Brittany M. Haner
Assistant Attorneys General
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

This 42 U.S.C. § 1983 action arises from Plaintiff Nigel Fredericks' claim that Defendant B. Borden used excessive force while Plaintiff was incarcerated at Franklin Correctional Facility. (Dkt. No. 38, at 1, 4). In a Memorandum-Decision and Order entered on October 21, 2024, the Court granted Plaintiff's motion for sanctions in part. (*See generally* Dkt. No. 190). The Court determined that an award of costs was an appropriate sanction to deter future misconduct, and to restore Plaintiff's attorneys to the position they would be in but for Defendant's belated disclosure of evidence. (*Id.* at 31-33). The Court ordered that Defendant shall bear the costs Plaintiff's counsel incurred in connection with the continuance of trial and permitted Defendant to submit objections by November 4, 2024. (*Id.* at 33). Defendant did not submit objections to Plaintiff's request.

**II.     COSTS**

An award of costs may "include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (quoting *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989)). Attorneys' expenditures on litigation are unnecessary and non-compensable when "they exceed the minimum that a reasonable paying client would pay absent a fee-shifting arrangement." *Grant v. Syracuse*, 357 F. Supp. 3d 180, 208 (quoting *Amerisource Corp. v. Rx USA Int'l Inc.*, 2010 WL 2160017, at *15, 2010 U.S. Dist. LEXIS 52424, at *46 (E.D.N.Y. May 26, 2010)).

Here, Plaintiff claims that his counsel "incurred various nonrefundable and out-of-pocket expenses related to preparations for the trial date that was adjourned." (Dkt. No. 186-1, at 1). These expenses include $3,937.68 for equipment rental and labor, $2,554.74 for technician labor, $114.00 for a train ticket, and $18.43 for an Uber. (Dkt. No. 186-1, at 2), for a total of $6,624.85. Plaintiff has submitted a declaration by counsel, receipts, and invoices in support of this request. (Dkt. Nos. 186-1; 186-4 to 186-7). Defendant does not argue that the costs sought are unreasonable or otherwise inappropriate. Upon examination, the Court finds the application for costs and expenses to be reasonable. Accordingly, the Court grants Plaintiff's request for $6,624.85 in costs.

### III.    CONCLUSION

For these reasons, it is hereby

    **ORDERED** that Plaintiff is awarded $6,624.85 in costs.

**IT IS SO ORDERED.**

Dated: <u>November 13, 2024</u>
        Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge